**UNITED STATES of America**

v.

**Louis B. ZAVIN, Defendant.**

**Crim. A. No. 121–60.**

United States District Court
D. New Jersey.

Feb. 7, 1961.

———◆———

Chester A. Weidenburner, U. S. Atty., by Paul T. Smock, Asst. U. S. Atty., Newark, N. J., for the Government.

Martin D. Moroney, Newark, N. J., for defendant.

WORTENDYKE, District Judge.

■ Defendant moves to dismiss an indictment upon the ground that its prosecution is barred by a three-year statute of limitation. The motion is authorized by Rule 12(b) (1) of the Federal Rules of Criminal Procedure (18 U.S.C.). The indictment charges, in as many counts, thirty violations of 26 U.S.C. § 7206(2), Internal Revenue Code of 1954.

The specifications of each count are to the effect that on or about April 15, 1955 (in the odd-numbered counts) and on or about April 15, 1956 (in the even-numbered counts) defendant "did wilfully and knowingly aid and assist in and counsel, procure, and advise in the preparation and presentation * * * of a false and fraudulent income tax return," which claimed a depreciation deduction to which the taxpayer was not entitled. The offense charged is laid as a violation of 26 U.S.C. § 7206(2). That section provides as follows:

"Any person who—

\* \* \* \* \* \*

"(2) Aid or assistance.—

"Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document;

\* \* \* \* \* \*

shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the cost of prosecution."

The historical note appended to the foregoing section, as printed in the annotations, recites that "similar provisions to

this section were contained in sections 2656(a), 3321(a), 3762, 3793(a), (b), 3809(a) of the 1939 Internal Revenue Code."

Section 6531 of the same Title provides as follows:

"§ 6531 Periods of limitation on criminal prosecution

"No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years—

"(3) for the offense of willfully aiding or assisting in, or procuring, counselling, or advising, the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a false or fraudulent return, affidavit, claim, or document (whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document); * * * "

 In support of his present motion, defendant argues that the three-year limitation set forth in the foregoing section (6531) bars the prosecution of the pending indictment. He asserts that the offenses charged in the indictment do not fall within the excepting clause contained in subdivision (3) of the section because, as defendant states in his main brief on this motion, "the offense the excepting clause describes is not the same as the offense described in the substantive statute, nor does it include the latter offense." Defendant contends that the omission of the adjectival phrase "as to any material matter" relating to the category "false or fraudulent return" in section 6531(3) renders inapplicable the six-year limitation thereby imposed for the offense proscribed in section 7206(2) which involves "a return * * * which is fraudulent or is false as to any ma-terial matter." In short, defendant insists that subdivision (3) of section 6531 does not refer to the substantive offense described in section 7206(2), and that therefore the three-year limitation only applies, unmodified by the exception contained in section 6531(3). To support his contention upon the pending motion, defendant has cited numerous judicial decisions which he has discussed in three successive briefs, or memoranda, underlying and supplementing his oral argument. We have read the authorities to which he has referred us, but discern no relevancy between them and the simple question posed by the motion, viz.: Does the offense of aiding in the preparation of a false or fraudulent return comprehend a return which is false or fraudulent "as to any material matter"? If the proper answer to this question is in the affirmative, the six-year limitation applies to the pending indictment and the motion must be denied. Section 6531(3) prescribes a six-year limitation for the prosecution of the offense of assisting in the preparation of a false return. A return which is false as to any material matter is a false return. Therefore, the six-year limitation applies to the offense of assisting in the preparation of a return which is false as to any material matter. The legislative history of the respective substantive and procedural sections leads to no different conclusion. As defendant points out, Section 3793(b) (1) of the Internal Revenue Code of 1939 proscribed assisting in the preparation or presentation "of a false or fraudulent return." Section 3748(a) (3) of that Code (reenacted as Section 6531(3) of the Code of 1954), prescribed a six-year limitation for prosecution of the offense described in Section 3793(b) (1) thereof. The Code of 1954 retained or readopted the same language to express a similar limitation period for the narrower offense of assisting in the preparation or presentation of a return false or fraudulent in a material respect created by the latter Code. A false return includes a return which is false as to any material matter. The

six-year limitation applies to prosecution for assisting in the preparation or presentation of a return which is false as to any material matter. The motion to dismiss the indictment is denied. An order in compliance with the views herein expressed may be submitted.